IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| PHILLIP DAVID HASKETT | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-14-257 |
| | § | |
| PERCHERON, LLC, ET AL. | § | |

## OPINION AND ORDER

Following the filing of the Defendant's Motion for Summary Judgment on January 27, 2017, the Parties, with the approval of the Court, agreed that Pro Se Plaintiff, Phillip David Haskett, could conduct his intended discovery before the Court set a date for Haskett to respond to the Motion. That discovery included taking the deposition of Justin Connor, a former employee of the Defendant who was involved in the alleged adverse hiring decision in this case. Haskett has been unable to depose Connor due to his alleged evasion of service of a subpoena and Haskett has filed a Motion to Strike the Affidavit of Connor (Instrument no. 80) submitted in support of the Defendant's summary judgment motion. Because of Haskett's pro se status this Court permitted an open-ended discovery period without any showing that the discovery was needed in order to respond to the Motion for Summary Judgment. Therefore, in lieu of ruling on the Motion to Strike at this time, the Court enters this Opinion and Order.

Rule 56(d) addresses Haskett's predicament. In order for a non-movant to support a continuance of a response date to a summary judgment motion, the non-movant typically

must file a non-evidentiary affidavit explaining why he cannot presently oppose the motion. Xerox Corp. v. Gennmoora, Corp., 888 F.2d 345, 354 (5th Cir. 1989). In the affidavit the non-movant must justify the continuance by setting out specific facts explaining his inability to make the substantive response required by Rule 56. Union City Barge Line, Inc. v. Union Carbide Corp., 823 F.2d 129, 137 (5th Cir. 1987). The affidavit must also show how additional time to conduct the discovery will enable the non-movant to rebut the motion's assertion that no genuine issue of material fact exists. McCarty v. United States, 928 F.2d 1085, 1088 (5th Cir. 1991). The non-movant may not rely on vague assertions that discovery will produce needed, but unspecified facts, Id., or that it might reveal relevant facts of which the non-movant is not aware. Hartford Accident & Indemnity v. Costa Lines Cargo Services, Inc., 903 F.2d 352, 361 (5th Cir. 1990). A continuance will not be granted if the discovery involves factual matters that would not affect the legal basis for summary judgment. Washington v. Allstate Insurance Co., 901 F.2d 1281, 1285 (5th Cir. 1990).

While the Court can understand Haskett's frustrations, it believes that an affidavit from him, as required by Fifth Circuit authority under Rule 56(d) (formerly 56(f)), should be submitted to the Court to aid in the proper resolution of the Motion to Strike.[1]

---

[1] But see Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 604-5 (7th Cir. 2000) (The unavailability of an affiant witness will not bar the court from considering his summary judgment affidavit.) But compare Amnesty America v. Town of West Hartford, 361 F.3d 113, 131 (2d Cir. 2004) (In the absence of a showing the affiants are no longer available, willing or otherwise competent to testify at trial the district court was correct to consider their affidavits.)

It is, therefore, **ORDERED** that Haskett **SHALL** file his affidavit with the Court on or before **July 7, 2017**.

It is further **ORDERED** that any response to the affidavit from Defendant **SHALL** be filed on or before **July 21, 2017**.

**DONE** at Galveston, Texas, this _____19th_____ day of July, 2017.

_____

John R. Froeschner
United States Magistrate Judge

3